Weygandt, C. J.
The controlling facts are not in dispute. The proposed construction will be a so-called limited access highway or freeway. However, the plaintiffs are not interested in access to the new highway. Their sole interest in the instant controversy is that the two township roads be kept open by means of construction either above or below the new intersecting relocated highway or freeway.
Counsel are agreed that a question of first impression is presented to this court.
Under the provisions of Section 5511.02, Revised Code, is the defendant Director of Highways impliedly authorized to close or vacate a township road incident to the construction of a limited access highway?
It is agreed that county commissioners are expressly authorized to close or vacate township roads by proceeding under the provisions of Section 5553.04, Revised Code, but no question thereunder is here involved.
In its entirety Section 5511.02, Revised Code, reads as follows :
‘ ‘ The Director of Highways may lay out, establish, acquire, open, construct, improve, maintain, regulate, vacate, or abandon ‘limited access highways’ or ‘freeways’ in the same *352 maimer in which the director may lay out, establish, acquire, open, construct, improve, maintain, regulate, vacate, or abandon highways. The director, board, or municipal authority shall have all additional authority relative to such ‘limited access highways’ or ‘freeways’ as he possesses relative to highways, including the authority to acquire by gift, purchase, condemnation, or otherwise land required for right of way.
“Where an existing highway, in whole or in part, has been designated as, or included within, a ‘limited access highway’ or ‘freeway,’ existing easements of access may be extinguished by purchase, gift, agreement, or by condemnation.
“As an adjunct of any ‘limited access highway’ or ‘freeway’ the director, board, or municipal authority may lay out and construct highways and drives, to be designated as service highways, to provide access from areas adjacent to a limited access highway or freeway.
“A ‘limited access highway’ or ‘freeway’ is a highway especially designed for through traffic and over which abutting property owners have no easement or right of access by reason of the fact that their property abuts upon such highway, and access to which may be allowed only at highway intersections designated by the director.
“Limitations imposed on the mileage of state highways shall not apply to highways established under this section.”
Counsel for the defendant director state:
“It is conceded that no specific authority does exist for the director to vacate any township or county road. However, it is contended that the director does have authority to close and' cause cul-de-sac of such a road.”
In answering this contention, the Court of Appeals cogently observed:
“A limited access highway may pass over or under an intersecting highway thereby denying access to such freeways, but the section does not grant authority to vacate or close such intersecting highways, denied such access.
“There is nothing in this section which grants to the Director of Highways any authority to vacate, close or cause a cul-de-sac of any intersecting road. There is no specific grant of authority therein nor is there any such grant of authority by *353 implication. If any authority exists for vacating such intersecting road it must be found in some other provisions of the statutes.
< * # # *
“A careful search of the Code of Ohio relating to the vacation of public roads fails to reveal any grant of authority to the Director of Highways to close or vacate any county or township road. This authority, except in the case of the Turnpike Commission, rests entirely with the Board of County Commissioners, either by proceedings instituted on their own motion, or as the result of a petition by freeholders, as set forth in Revised Code Section 5553.04.”
To this pertinent comment it might be added that, if the General Assembly should determine as a matter of legislative policy that this important authority should be invested in the Director of Highways, it would seem that the grant should be in unambiguous language.
The lower courts were not in error in allowing the injunction asked by the plaintiffs.

Judgment affirmed.

Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.